IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA PERRY, | No. C 11-01488 SI |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| AT&T MOBILITY LLC, ARISE VIRTUAL SOLUTIONS INC., | |
| Defendants. | |

On August 12, 2011, the Court heard argument on defendants' motion to dismiss for improper venue, or to transfer. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendants' motion.

**BACKGROUND**

Named plaintiff Sandra Perry has filed a putative class action against defendants AT&T Mobility ("AT&T") and Arise Virtual Solutions ("Arise"), alleging violations of the California Business & Professions Code and the California Labor Code. These include claims for failure to pay minimum wages, hourly wages, and overtime wages, in violation of California Labor Code sections 51, 1194, 1197, 1197, and 1198; and claims brought under the California Labor Code's Private Attorney General Act ("PAGA"), sections 2698 *et seq.*

Plaintiff alleges that Arise acts as a "hiring agenc[y] for AT&T." First Am. Compl ¶ 2. According to her complaint, defendants required her and other similarly situated individuals to form Virtual Services Corporations ("VSCs"). The VSCs then entered into contracts with defendants to

provide customer service and technical support for AT&T as home-based Virtual Call-Center Agents. Plaintiff alleges that defendants treat her and other home-based Virtual Call-Center Agents working in the State of California as independent contractors, when in fact they are employees under California law.

On October 5, 2010, defendant Arise and plaintiff, as President of the VSC Cultures International, signed a Master Services Agreement ("MSA"), in which Cultures International agreed to act as a customer service representative on behalf of Arise for Arise's clients. Decl. of Ria Mason in Supp. of Def. Mot. to Dismiss ("Mason Decl."), ¶ 8 & Ex. A. The MSA includes the following terms: (1) "This Agreement shall be governed by and interpreted according to the laws of the State of Florida, without giving effect to any conflicts of laws provisions that would cause the laws of any other state to be applied"; and (2) "ANY ACTION BROUGHT BY ANY OF THE PARTIES HERETO AGAINST ANY OF THE OTHER PARTIES HERETO RELATING TO THIS AGREEMENT SHALL ONLY BE BROUGHT IN BROWARD COUNTY, FLORIDA." *Id.* ¶ 9 & Ex. A ¶¶ 9.1, 9.8.[1]

On December 23, 2010, January 28, 2011, and May 1, 2011, defendant Arise and plaintiff, as President of the VSC Cultures International, signed three additional documents, each entitled "Statement of Work to the Arise-Virtual Services Corporation Master Services Agreement" ("SOWs"), in which Cultures International agreed to provide services for defendant AT&T for certain periods of time. *Id.* ¶¶ 5, 11 & Exs. B, C, D. Each SOW contained a clause stating that the SOW was to "be incorporated by reference, and become a part of," the MSA. *Id.* ¶ 12, Exs. B at 1, C at 1, D at 1.

Currently before the Court is defendant Arise's motion to dismiss for improper venue, or, in the alternative, to transfer the case to the Southern District of Florida. Defendant AT&T has joined the motion and defendant Arise's briefing papers in full. *See* Docs. 26 & 56.

**LEGAL STANDARD**

**I.     Motion to dismiss for improper venue**

The Ninth Circuit has held that, in the context of determining venue, *Erie* principles require that federal law apply to both the enforcement and interpretation of forum selection clauses.

---

[1] According to the complaint, defendant Arise's principal place of business is in Miramar, Florida. First Am. Compl. ¶ 2. Miramar is located in Broward County, Florida.

2

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512–13 (9th Cir. 1988). In a Rule 12(b)(3) motion to dismiss for improper venue based on a forum selection clause, the pleadings need not be accepted as true and the Court may consider facts outside of the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). Contested facts bearing on the impact of a forum selection clause are to be treated by analogy to facts in a disputed summary judgment motion under Federal Rule of Civil Procedure 56: "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

Forum selection clauses are presumptively valid and "the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (*quoting M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)). A forum selection clause is unenforceable if "enforcement would be 'unreasonable' under the circumstances." *Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1137 (9th Cir. 2005). A forum selection clause is unreasonable if

> (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court"; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (internal citations omitted).[2]

Because an arbitration clause is a "specialized forum selection clause," case law regarding the application and enforcement of arbitration clauses is relevant to the determination of whether to apply and enforce a more general forum selection clause. *Manetti-Farrow*, 858 F.2d at 514 n.4 (*citing Scherk*

---

[2] In the context of employment contracts, the Ninth Circuit has explained that certain circumstances of an employment agreement . . . might, in an appropriate case, be taken into account when determining the enforceability of the forum selection clause including: (1) "any power differentials which may exist between the two parties to the contract," (2) the educational background of the party challenging the clause, (3) the business expertise of the party challenging the clause, and (4) the "financial ability to bear [the] costs and inconvenience" of litigating in the forum selected by the contract.

*Murphy*, 362 F.3d at 1140–41 (*quoting Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 868 (9th Cir. 1991)).

*v. Alberto-Culver Co.*, 417 U.S. 506, 417 (1974)).[3]

## II. Motion to transfer

Under 28 U.S.C. section 1404(a), the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks and citations omitted). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. *Id.* For example, the court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "Additionally, the presence of a forum selection clause is a 'significant factor' in the Court's § 1404(a) analysis." *Id.* at 499 & n. 20 (quoting *Stewart*, 487 U.S. at 29). Finally, "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.* at 499. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

## DISCUSSION

### I. Motion to dismiss

Defendants argue that this is an "action . . . relating to" the MSA and SOWs, and therefore the forum selection clause in the MSA required plaintiff to bring the action in Broward County, Florida. Plaintiff argues that the forum selection clause does not apply to this dispute, and she argues that it is unenforceable.

---

[3] The Court notes, however, that preemption issues relating to the Federal Arbitration Act do not arise when the forum selection clauses under consideration are not arbitration clauses.

4

### A. Applicability of the forum selection clause

Plaintiff argues that the forum selection clause does not apply to her statutory claims, because "the claims do not arise out of the contract, involve the interpretation of any contract terms, or otherwise require there to be a contract." *See Narayan v. EGL, Inc.*, 616 F.3d 895, 904 (9th Cir. 2010) (discussing the interpretation of a narrow choice of law clause under Texas law in a case raising California labor law claims). If the forum selection clause in this case applied to "any actions []under" or to the "enforcement of" the contract, like the clauses in the cases plaintiff cites, her argument would be well taken. *See Quinonez v. Empire Today, LLC*, No. C 10-02049 WHA, 2010 WL 4569873 (N.D. Cal. Nov. 4, 2010) ("any actions hereunder"); *Arreguin v. Global Equity Lending, Inc.*, No. C 07-06026 MHP, 2008 WL 4104340 (N.D. Cal. Sept. 2, 2008) ("enforcement of"). However, the forum selection clause in plaintiff's contract is significantly broader, encompassing "any action . . . relating to" the MSA and the incorporated SOWs.

A forum selection clause is not axiomatically limited in scope to contract claims. For example, forum selection clauses have frequently been held to apply to pure tort claims where the "resolution of the claims relates to interpretation of the contract." *See, e.g., Manetti-Farrow, Inc.*, 858 F.2d at 511, 514 (claims of tortious interference with prospective economic advantage and tortious interference with contractual relations). Statutory claims can also be subject to forum selection clauses. *See, e.g., Phillips v. Audio Active Ltd.*, 494 F.3d 378, 387 (2d Cir. 2007) (holding that a Copyright Act claim was not subject to a forum selection clause that governed claims "aris[ing] out of" a recording contract). And a forum selection clause can apply to litigants who were not parties to the contract provided that the alleged conduct of those parties is "closely related to the contractual relationship." *Id.* at 514 n. 5.

The scope of the claims governed by a forum selection clause depends the language used in the clause. Most recently, in *Cape Flattery Ltd. v. Titan Maritime, LLC*, --- F.3d ----, 2011 WL 3076859 (9th Cir. 2011), the Ninth Circuit explained that forum selection clauses using the phrases "arising under" "arising out of" and "arising hereunder" should be "narrowly construed" to encompass disputes "relating to the interpretation and performance of the contract itself," but that the inclusion of the phrase "relating to" should lead to a "broad[er]" interpretation. *Id.* at * 7. *Accord Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1463–64 (9th Cir. 1983) (discussing how omission of "relating to"

1 language in an arbitration clause results in a narrower scope of covered disputes).

2 As the court explained in *Quinonez*, the question in this case "is whether in classifying plaintiff, and others like h[er], as an independent contractor defendant[s] ha[ve] violated the law." 2010 WL 4569873 at * 3. Unlike in *Quinonez*, however, that question falls within the scope of the forum selection clause, because it "relates to" the contracts entered into by plaintiff and defendant Arise.

### B. Enforceability of the forum selection clause

Plaintiff argues that because defendants' alleged attempt to evade California labor laws is "inimical to California public policy," the forum selection clause should not be enforced.

Where a state prohibits the prospective waiver of the remedies provided for in the statute that a plaintiff is trying to enforce, a court may consider whether choice-of-forum and choice-of-law clauses "operate[] in tandem as a prospective waiver of a party's right to pursue statutory remedies" when deciding whether a forum selection clause is unenforceable as against the strong public policy of that state. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985) (explaining that, where antitrust violations are alleged, the Supreme Court would have "little hesitation in condemning" such an agreement "as against public policy"); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1084 (9th Cir. 2009) (refusing to enforce forum selection clause, both because the selected forum did not permit class actions, and because "together with the choice of law provision" the clause would "effect a waiver of statutory remedies" subject to an "anti-waiver provision" of California law). In this case, the enforceability of the forum selection clause cannot be divorced from the choice of law question.[4]

---

[4] Defendants argue that the Court may not consider the choice of law clause, but they do not discuss the Supreme Court and Ninth Circuit law that clearly permits the Court to do so. Rather, they cite a number of district court cases. For example, they cite *Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101 (S.D. Cal. 2006), in which the district court did not find it appropriate to consider a choice of law provision when determining whether to enforce a choice of forum provision in a contract that was being challenged on the basis of its inclusion of a non-compete clause that would not have been enforceable had California law applied. Although California has a public policy against non-compete clauses, the inclusion of a single non-compete clause in a contract is categorically different than the creation of an entire contract for the purpose of evading California wage and hour laws—the claim in this case—and *Swenson* is easily distinguishable on that ground.

Similarly, the claims in *Besag v. Custom Decorators, Inc.*, No. CV08-05463 JSW, 2009 WL 330934 (N.D. Cal. Feb. 10, 2009), were limited to allegations of deprivation of meal and rest periods. The *Besag* court correctly noted that mere loss of a claim is insufficient to invalidate a forum selection

That the rights to minimum wage and to overtime payments are not waivable in the State of California is recognized by both statute and case law. *See* Cal. Labor Code § 1194; *Gentry v. Superior Court*, 42 Cal.4th 443, 455 (Cal. 2007). While "[a]nyone may waive the advantage of a law intended solely for his benefit . . . a law established for a public reason cannot be contravened by a private agreement." *Sonic-Calabasas A, Inc. v. Moreno*, 51 Cal. 4th 659, 679 (2011) (internal quotation marks omitted). Over sixty years ago, the California Supreme Court explained that

> It has long been recognized that wages are not ordinary debts, that they may be preferred over other claims, and that, because of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due.

*In re Trombley*, 31 Cal. 2d 801, 809 (1948). This statement was recently quoted and reaffirmed, and "[t]here is no question that the lawful payment of wages owed is not merely an individual right but an important public policy goal." *See Sonic-Calabasas A*, 51 Cal. 4th at 679.

As a general matter, California courts will enforce adequate forum selection clauses that apply to non-waivable statutory claims, because such clauses does not waive the claims, they simply submit their resolution to another forum. *See Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 98–99 (2000) (discussing arbitrability of California Fair Employment and Housing Act ["FEHA"] claims). However, if the forum is not adequate, a forum selection clause that applies to a non-waivable statutory claim may, in fact, improperly compel the claimant to forfeit his or her statutory rights. *See id.* at 99–100. In such a case, the forum selection clause is contrary to the strong public policy of California and will not be enforced. More specifically, and of importance here, the California Supreme Court has held clearly and unequivocally that it is against the strong public policy of California to enforce a forum selection clause where the practical effect of enforcement will be to deprive a

---

clause based on public policy grounds, *id.* at * 3 (citing *Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir. 1997)), but did not address the question of a more complete waiver that was addressed in *Mitsubishi* and *AOL*.

In the final case cited by defendants, *Mazzola v. Roomster Corp.*, No. CV 10-5954 AHM (JCGx), 2010 WL 4916610 (C.D. Cal. Nov. 30, 2010), the district court actually considered the question defendants urge the court not to reach: it distinguished *Mendoza* and *AOL* on the basis that the plaintiff did not make a showing "that New York law—assuming it did apply to her action[]—does not provide the same or equivalent remedies as are available under California law," and on that basis it determined that "enforcing the forum selection clause itself does not amount to a deprivation of Plaintiff's rights under California law." *See id.* at * 4.

7

plaintiff or class of plaintiffs of their unwaivable statutory entitlement to the minimum wage and overtime payments. *See Gentry v. Superior Court*, 42 Cal. 4th 443 (Cal. 2007). *Cf. Quinonez*, 2010 WL 4569873 at * 2 ("The Ninth Circuit sent a strong message that contractual schemes to avoid the California Labor Code will not be tolerated." (citing *Narayan*, 616 F.3d at 904)).

This is a case of a true conflict of law, and a determination that Florida rather than California law governs plaintiff's claims could well have the serious practical effect of depriving plaintiff of her unwaivable statutory entitlement to minimum wage and overtime payments. In determining whether a person is an employee or independent contractor under Florida law, the Florida Supreme Court has explained that "courts should initially look to the agreement between the parties, if there is one, and honor that agreement, unless other provisions of the agreement, or the parties' actual practice, demonstrate that it is not a valid indicator of status." *Keith v. News & Sun Sentinel Co.*, 667 So. 2d 167, 171 (Fl. 1995); *see also Florida Pub. Co. v. Lourcey*, 193 So. 847, 847 (Fl. 1940). The "parties' actual practice" is analyzed according to the common law test set out in section 220 of the Restatement (Second) of Agency. *See Keith*, 667 So. 2d at 171 (citing *Cantor v. Cochran*, 184 So. 2d 173 (Fl. 1966)); *see also Cantor*, *supra*, 184 So. 2d 173 (applying factors directly from the Restatement); *Freedom Labor Contractors of Florida, Inc. v. State, Div. of Unemployment Compensation*, 779 So. 2d 663 (Fl. App. Ct. 2001); *Century Land Development, L.P. v. Weits*, No. 07-14377-CIV, 2009 WL 252091, * 4–* 5 (S.D. Fl. Feb. 2, 2009).[5]

---

[5] The factors to be considered are:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or workman supplies the instrumentalities, tools, and a place of work for the person doing the work;

(f) the length of time for which the person is employed;

In contrast, California statutory wage and hour claims that depend on a finding of an employment relationship "do not arise out of the contract, involve the interpretation of any contract terms, or otherwise require there to be a contract." *See Narayan*, 616 F.3d at 899. California law bears some relationship to Florida law inasmuch as it considers the common law factors set out in the Restatement. *See S. G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341, 351 (1989). However, California law requires the consideration of many other factors, including the "history and fundamental purposes" of the statutory distinction between employees and independent contractors—which is "substantially different" from the common law purpose of the distinction. *Id.* at 351–52; *see also id.* at 353–54 (agreeing with several lower court decisions that had held that "traditional California tests for independent contractor status must be supplemented in compensation cases by consideration of the remedial purpose of the statute, the class of persons intended to be protected, and the relative bargaining positions of the parties"). Moreover, it places the burden of proof on the party "seeking to avoid liability" under the Labor Code. *Id.* at 349.

The difference between Florida and California substantive law is relevant not only to the merits of plaintiff's claim, but also to how Florida might interpret the choice of law provision in plaintiff's contract, and thus to the Court's analysis of the choice of forum question. This is because in Florida, in contrast to California, the contract itself is central to the employee-contractor determination. Additionally, Florida courts have determined that, under Florida law, a choice of law clause that states that an agreement will be "governed by and interpreted in accordance with" the laws of a certain state—such as the provision in this case—is "far broader" than clauses governing "disputes concerning the agreement" or "arising out of th[e] agreement." *See SAI Ins. Agency, Inc. v. Applied Systems, Inc.*, 858 So. 2d 401, 403–04 (Fla. App. Ct. 2003); *see also Narayan*, 616 F.3d at 898 ("To determine the

---

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(I) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

*Id.* at 174.

9

applicable substantive law, a federal court sitting in diversity applies the choice-of-law rules of the forum.").

The case *Eason v. Contract Connection, Inc.*, No. 3:08-cv-935-J-16MCR, 2009 WL 260985 (M.D. Fl. Feb. 4, 2009), is instructive. In *Eason*, the parties had entered into an employment contract that stated that it would be "interpreted and enforced" according to the laws of the State of Florida. The plaintiff brought North Carolina statutory claims against his former employer, and the court dismissed them, finding that the contract in question "govern[ed] the employment relationship," and that "[w]hen the parties signed the contract, it was clear that Florida law would govern any disputes between the parties." *Id.* at * 3. Further, the court found that "[p]ublic policy is not offended" because the plaintiff would "be entitled to all of the protections offered to him by any applicable Florida laws." *Id.*; *see also Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fl. 2000) (in determining whether or not to enforce a choice of law provision, Florida courts will consider Florida public policy). Although the claims in *Eason* did not concern the employee-contractor question, they did concern an employment relationship governed by a contract entered into by a North Carolina resident, in North Carolina, for work to be done in North Carolina, that contained a choice of law clause similar to the clause in this case.

Plaintiff has met her heavy burden of proving that enforcement of the forum selection clause in this case would be unreasonable, because it would contravene the strong public policy of California "that contractual schemes to avoid the California Labor Code will not be tolerated." *See Quinonez*, 2010 WL 4569873 at * 2 (citing *Narayan*, 616 F.3d at 904). Defendants' motion to dismiss is DENIED.

**III.    Transfer**

In the alternative, defendants move for a transfer of venue under 28 U.S.C. section 1404(a). Defendants argue that the Southern District of Florida is the more convenient forum because defendant Arise is headquartered in Florida, Arise employees who may be witnesses in this case reside in Florida, and a majority of the evidence relating to the contractual relationship between the parties is located in Florida.

Plaintiff negotiated and executed the contract with defendant Arise from California, performed

10

all aspects of her contractual obligations in California, and made the choice to litigate her claims in California, where the courts would be most familiar with California law.[6] She brings California statutory wage and hour claims regarding the work she and other Californians performed in the state of California, and, as discussed above, strong California public policy supports permitting plaintiff to litigate these claims in a California court notwithstanding the presence of a choice of forum provision in the parties' contract. *See Jones*, 211 F.3d at 499 n.21 ("[T]he public policy of the forum is not dispositive in a § 1404(a) determination but . . . is a[] factor that should be weighed in the court's § 1404(a) 'interest of justice' analysis.").

Having considered the factors relating to convenience and to fairness, the Court DENIES defendants' alternative motion to transfer.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to dismiss or, in the alternative, to transfer. (Doc. 21.)

**IT IS SO ORDERED.**

Dated: September 12, 2011

SUSAN ILLSTON
United States District Judge

---

[6] Defendants argue that plaintiff's choice of forum is not particularly relevant since she resides in the Central District of California and this is a putative class action. In support, defendants cite *Baird v. California Faculty Ass'n*, No. C-00-0628-VRW, 2000 WL 516378 (N.D. Cal. April 24, 2000), *Lucas v. Daiichi Sankyo Co., Inc.*, No. C 11–0772 CW, 2011 WL 2020443 (N.D. Cal. May 24, 2011), and *Forrand v. Federal Exp. Corp.*, No. C07-4674 TEH, 2008 WL 276389 (N.D. Cal. Jan. 31, 2008), for the proposition that "mechanistic adherence" to "the traditional rule that plaintiff's choice of forum should be granted substantial deference" is "inappropriate in a class action in which plaintiffs are dispersed throughout the state." *See Baird*, 2000 WL 516378 at * 2. The defendants in *Baird*, *Lucas*, and *Forrand* all moved to transfer California class actions within the state of California. In contrast, defendants here are attempting to transfer a California class action from California to Florida. *Baird*, *Lucas*, and *Forrand* are inapposite. The remaining case cited by defendants involve a nationwide class and is also inapposite. *See Roling v. E*Trade Securities, LLC*, 756 F. Supp. 2d 1179 (N.D. Cal. 2010). To the extent that defendants are arguing that plaintiff was engaged in forum shopping when she filed suit in the Northern rather than Central District of California, such an argument is entitled to some weight, but is insufficient to overcome the strong factors that militate against transfer.

11