# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA PERRY, ARMAKIA MARINER-REED and PATRYCE COUNTS, individuals, on behalf of themselves, and on behalf of all persons similarly situated; and JASON HILTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ARISE VIRTUAL SOLUTIONS INC., a Delaware Corporation,<br><br>Defendant. | Case No. C 11-01488 YGR<br><br>**CLASS ACTION**<br><br>**[PROPOSED]** ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (**AS MODIFIED BY THE COURT**)<br><br>Hearing Date: December 11, 2012<br>Time: 2:00 p.m.<br>Courtroom: 5, Second Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

Plaintiffs' Motion for an order granting preliminary approval of the settlement of the above-captioned action on a class basis, approving the manner and content of notices to the classes, and setting a final approval hearing, came on for hearing in Courtroom Five, Second Floor, of this Court on December 11, 2012.

Having read the Joint Stipulation of Class Action Settlement and Release, [Doc. No. 90] (the "Settlement Agreement"), the motion for preliminary approval, as well as the

1

1  points and authorities and declarations filed in support thereof, and having heard the
2  parties' argument, this Court finds that: the proposed settlement appears fair, reasonable,
3  and adequate, and falls within the range of possible approval meriting submission to
4  potential class members; notices of the proposed settlement should be sent to the
5  settlement classes in the manner described herein; and a hearing should be held after said
6  notices are issued to determine if the Settlement Agreement and settlement are fair,
7  reasonable, and adequate, to the settlement classes and if an order granting final approval
8  should be entered in this action based upon the terms of the Settlement Agreement.

9  **IT IS THEREFORE ORDERED THAT:**

10  1.  **Defined Terms.**  This Order incorporates by reference the parties' Joint
11  Stipulation of Class Action Settlement and Release, on file with this Court, and all defined
12  terms herein shall have the same meaning as set forth in the Settlement Agreement.

13  2.  **Class Action.**  This action is provisionally certified for class treatment for
14  settlement purposes only and pursuant to the parties' Settlement Agreement, with the
15  Settling Classes defined as the following:

16  a)  **All individuals who provided customer service or technical**
17  **support services on applications for AT&T Mobility LLC**
18  **accounts, while located in the State of California, pursuant to**
19  **Statements of Work with Arise Virtual Solutions Inc. during the**
20  **period March 28, 2007 through to August 31, 2012; and,**

21  b)  **All individuals who provided customer service or technical**
22  **support services on applications for Apple Inc. accounts, while**
23  **located in the State of California, pursuant to Statements of**
24  **Work with Arise Virtual Solutions Inc. during the period**
25  **December 8, 2007 through to August 31, 2012.**

26  3.  **Proposed Settlement.**  The Court grants preliminary approval to the
27  terms set forth in the Settlement Agreement between the parties.  The Court finds
28  that the proposed settlement is the product of informed, non-collusive, and arm's-

1  length negotiations.  The proposed settlement between the Settling Classes and
2  Defendant appears, upon preliminary review, to be within the range of
3  reasonableness and accordingly shall be submitted to the Class Members for their
4  consideration and for a hearing to determine whether the settlement shall be finally
5  approved by the Court.

6      4.    **Appointment of Class Counsel.**  Norman Blumenthal and Kyle
7  Nordrehaug, of Blumenthal, Nordrehaug & Bhowmik LLP, are appointed Class
8  Counsel for settlement purposes.

9      5.    **Approval of Class Representative.**  Named Plaintiffs Sandra Perry,
10 Armakia Mariner-Reed, and Patryce Counts are approved as adequate
11 representatives of the Settling Classes for purposes of settlement.

12     6.    **Notice and Claim Form.**  The Court finds that the mailing of the
13 Notice and related materials substantially in the manner and form as set forth in the
14 Settlement Agreement and this Order meet the requirements of due process, is the
15 best notice practicable under the circumstances, and shall constitute due and
16 sufficient notice to all persons entitled thereto.  Accordingly, by no later than
17 **February 7, 2013** (20 business days after the date of this order), the parties,
18 through the independent Claims Administrator, Gilardi & Co., LLC, shall provide
19 notice of settlement ("Class Notice"), a claim form ("Claim Form") and a request
20 for exclusion form ("Request for Exclusion") to all Class Members by first class
21 mail to their last known address according to the information that will be provided
22 to the Claims Administrator by Defendant pursuant to Paragraph 26 of the
23 Settlement Agreement.  The Class Notice shall be substantially in the form
24 attached hereto as Exhibit #1.  The Request for Exclusion shall be substantially in
25 the form attached hereto as Exhibit #2.  The Claim Form shall be substantially in
26 the form attached hereto as Exhibit #3.  The Claims Administrator shall make such
27 further efforts as are possible and reasonable (if any), to provide an applicable
28 Class Notice to each member of the Settling Classes whose original Class Notice is

returned as undeliverable.  All Class Members who have not responded to the Class Notices shall be mailed a reminder notice on the fortieth (40th) day after the date of mailing of the Class Notices and claims forms.

7. **Exclusions/"Opt Outs."**  Class Members may exclude themselves from the Settlement Class by mailing the Claims Administrator a signed and dated Request for Exclusion.  To be timely, all such requests for exclusion or opt-outs must be postmarked no later than forty-five (45) days from the date the Class Notices are first mailed.  Arise shall have the right, but not the obligation, to revoke the settlement if more than ten percent (10%) of the Class Members, as measured on a headcount or Compensable Interval basis, exclude themselves from the settlement.

8. **Claim Forms.**  Class Members who wish to be paid their allocation of the settlement fund must submit a signed Claim Form to the Claims Administrator, postmarked no later than sixty (60) days from the date of mailing of the Class Notices and Claim Forms.  Class Members who do not file a Claim Form or Request for Exclusion shall not share in the distribution of the Net Settlement Value, but nevertheless shall be bound by the dismissal with prejudice and the release of claims set out in the Settlement Agreement, assuming the Court grants Final Approval.

9. **Settlement Administration.**  The parties shall retain the services of Gilardi & Co., LLC for the administration of this settlement, and said entity is hereby appointed Claims Administrator.  The Claims Administrator's fees and costs shall be capped at twenty thousand dollars and no cents ($20,000.00).

10. **Final Hearing.**  A final hearing shall be held on **Tuesday, May 14, 2013** at 2:00 p.m., in Courtroom 5 of the United States District Court, Northern District, before Honorable Yvonne Gonzalez Rogers to consider whether the Court should grant final approval of the settlement.

   a) Objections to the proposed settlement by Class Members will

|   |   |   |
|---|---|---|
| 1 |   | be considered by the Court if mailed to the Claims |
| 2 |   | Administrator with a postmark of no later than forty-five (45) |
| 3 |   | days from the date the Class Notices are first mailed. |
| 4 | b) | Members of the Settling Classes will also be notified by the |
| 5 |   | Class Notices that they may appear at the Court hearing |
| 6 |   | scheduled for final approval of the Settlement to have |
| 7 |   | objections heard by the Court.  Objections not previously filed |
| 8 |   | in writing in a timely manner will not be considered. |
| 9 | c) | Counsel for the Settling Classes and counsel for Defendant |
| 10 |   | should be prepared at the hearing to respond to any objections |
| 11 |   | filed by the Class Members and to provide other information, |
| 12 |   | as appropriate, bearing on whether or not the settlement |
| 13 |   | should be approved. |
| 14 | d) | Class Counsel's application for fees and costs pursuant to |
| 15 |   | Paragraph 45 of the Settlement Agreement, as well as Class |
| 16 |   | Counsel's application for enhancement awards pursuant to |
| 17 |   | Paragraph 46 of the Settlement Agreement, shall be scheduled |
| 18 |   | for determination at the Final Approval Hearing, but Class |
| 19 |   | Counsel's applications shall be filed and served before the |
| 20 |   | Class Notices are mailed and shall be posted on Class |
| 21 |   | Counsel's website and the Claims Administrator's website. |

11. **Failure of Settlement**.  In the event the proposed settlement as provided in the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a final approval order as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated or voided pursuant to its terms, the Settlement Agreement and all orders in connection therewith, shall become null and void and of no further force or effect, and shall not be used or referred to for any purpose whatsoever.  In such event, the

1 | Settlement Agreement, and all negotiations and proceedings relating thereto shall
2 | be withdrawn without prejudice as to the rights of any and all parties thereto.
3 |     This Order terminates Dkt. No. 90.
4 | **IT IS SO ORDERED.**

6 | DATED: January 9, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**