Exhibit 1 to Order Granting
Preliminary Approval

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA PERRY, ARMAKIA MARINER-REED and PATRYCE COUNTS, individuals, on behalf of themselves, and on behalf of all persons similarly situated; and JASON HILTON, an individual,<br><br>                    Plaintiffs,<br><br>     v.<br><br>ARISE VIRTUAL SOLUTIONS INC., a Delaware Corporation,<br><br>                    Defendant. | Case No. C 11-01488 YGR<br><br>**NOTICE OF CLASS ACTION SETTLEMENT**<br><br>Compl. Filed:   March 28, 2011<br>Courtroom:      Oakland, Courtroom 5<br>Judge:              Hon. Yvonne Gonzalez Rogers |

**Please read this entire notice carefully – it pertains to a legal proceeding that may affect your rights.**

   A proposed settlement (the "Settlement") has been reached between the parties in a class action pending in United States District Court for the Northern District of California (the "Court").  You are receiving this notice because the defendant's records indicated that you may be a member of the proposed settlement class. **The Settlement covers claims alleging that individuals who provided customer service and technical support services on applications for AT&T and/or Apple accounts, while located in California, were misclassified as independent contractors.** Accordingly, and as described in more detail later in this document, the Settlement releases claims such as failure to pay minimum wage and overtime compensation, failure to provide meal periods and rest break, and failure to reimburse employees for required business expenses.  This Settlement represents a compromise and settlement of highly disputed claims. Arise believes that the Lawsuit's claims are meritless and Plaintiffs were properly classified as independent contractors. Nothing in the Settlement is intended to or will be construed as an admission by Arise that Plaintiffs' claims in the underlying lawsuit have merit.

   The Court has **preliminarily approved** the Settlement and conditionally certified the Settling Classes for purposes of the Settlement only. This notice is designed to inform you of your rights and options with regard to the Settlement.  Specifically, you have the following four options assuming you are a member of the proposed settlement class:

1

| | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a timely and valid Claim Form, and if the Settlement receives final approval from the Court, you will receive a payment and all claims covered by this Settlement will be extinguished and you will forfeit your right to bring or participate in a similar action against Arise, **[AT&T / Apple]**, and other releasees. |
| EXCLUDE YOURSELF | If you submit a timely and valid Request for Exclusion, you will not receive a payment but you will not be bound by the Settlement's release, even if the Settlement receives final approval from the Court. |
| SUBMIT A WRITTEN OBJECTION TO THE COURT | If you disagree with the proposed settlement, you may submit a written objection to the Court. If the Court agrees with your objection, the parties can choose whether to withdraw the settlement or change its terms. If the Court rejects your objection, you will release certain claims as detailed below and you will be entitled to receive a payment <u>only</u> if you have also submitted a timely and valid Claim Form. |
| DO NOTHING | If you do not timely submit a Request for Exclusion or a Claim Form, and if the Settlement receives final approval from the Court, you will not receive a payment, claims covered by the Settlement will be extinguished, and you will forfeit your right to bring or participate in a similar action against Arise, **[AT&T / Apple]**, and other releases. |

**Please do not contact Arise regarding this notice. Questions should be directed to the claims administrator, as described herein.**

## I.     SUMMARY OF THE SETTLEMENT

Class Counsel and Sandra Perry, Armakia Mariner-Reed, and Patryce Counts as Class Representatives support this Settlement. Their reasons include the inherent risk of denial of class certification, the risk of a trial on the merits, the inherent delays and uncertainties associated with litigation, and recent case law which pertains to certain of the ambiguities in this litigation. Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Arise believes that the Lawsuit's claims and allegations are meritless, and contends that Plaintiffs and putative class members were properly classified as independent contractors. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Representatives and Class Counsel believe that the Settlement is fair, reasonable, and adequate. The Settlement provides for the following:

### A.     Who is included in the Settlement?

You are included in the Settlement as a member of the *Perry* class if you: provided customer service or technical support services on applications for **[AT&T / Apple]** accounts, while located in the State of California, pursuant to Statements of Work with Arise during the period March 28, 2007 through to August 31, 2012. The Settlement also covers any related business entities of which you are an officer, director, or majority shareholder, or otherwise have the power to contractually bind (a "Related

Business Entity").

### B. Who is representing the Settling Classes?

The attorneys for the Settling Classes ("Class Counsel" or "Plaintiff's Counsel") are:

>Norman B. Blumenthal
>Kyle R. Nordrehaug
>2255 Calle Clara
>La Jolla, CA 92037
>Telephone: 858-551-1223
>Facsimile: 858-551-1232
>Email: Norm@bamlawca.com

### C. Has Arise admitted wrongdoing?

No. Arise believes that the Lawsuit's claims and allegations are meritless, and contends that Plaintiffs and putative class members were properly classified as independent contractors. This Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended to or will be construed as an admission by Arise that Plaintiffs' claims in the underlying lawsuit have merit or that it has any liability to Plaintiffs or the Settling Classes on those claims, or that class treatment of these claims would be appropriate in litigation (as opposed to settlement). The Settlement Payment shall not be deemed payment for unpaid wages, overtime, penalties, or restitution under any circumstances.

### D. What will I receive from the Settlement?

Assuming the Settlement receives final approval from the Court, Arise shall make available a total amount of one million two hundred forty five thousand dollars and no cents ($1,245,000.00) (the "Gross Settlement Value" or "GSV"). The following amounts shall be deducted from the Gross Settlement Value: (i) Class Counsel's fees and expenses, to the extent approved by the Court; (ii) the Claims Administrator's fees and expenses, to the extent approved by the Court; (iii) the enhanced payments to Perry, Mariner-Reed, and Counts, to the extent approved by the Court; and (iv) seven thousand five hundred dollars and no cents ($7,500.00) in penalties paid to the State of California. The Gross Settlement Value, less these items, is referred to as the **"Net Settlement Value"** or "NSV").

The Claims Administrator shall distribute a settlement payment to each member of the Settling Classes who timely submits an approved and completed Claim Form. This amount will be distributed from the NSV and will be calculated based upon a percentage equal to the number of weeks[1] that each claimant provided customer service or technical support services on applications for **[AT&T / Apple]** accounts while in the State of

---

[1] The Settlement refers to each such week as a "Compensable Interval." The total number of Compensable Intervals attributable to all members of the Settling Classes who filed a timely and complete Claim Form will then be divided into the NSV, with the number of Compensable Intervals as the denominator and the NSV as the numerator, with the resulting number determined to two decimal places. The product of this calculation will be the Per Interval Payment. The disbursement to each member of the Settling Classes who returns a timely and complete Claim Form (the "Class Member Payment") shall be the number which results from multiplying the Per Interval Payment times the number of Compensable Intervals worked by a given member of the Settling Classes.

California during the applicable time period divided by the total amount of weeks that the Settling Classes provided customer service or technical support services on applications for **[AT&T / Apple]** accounts while in the State of California during the applicable time period.

> **What does this mean?**
> *Class Member Payment* = **Compensable Interval x Per Interval Payment**
>
> - *Compensable Interval* = number of weeks the class member provided services
>
> - *Per Interval Payment* = NSV ÷ total number of Compensable Intervals (*i.e.*, total amount of weeks worked by all members returning claim forms)

The parties *estimate* that each member of the Settling Classes who submits a timely and valid Claim Form will receive approximately $**[AMOUNT]** for each week they provided customer service or technical support on applications for **[AT&T / Apple]** accounts in the State of California during the applicable time period pursuant to Statements of Work with Arise. Enclosed herein is a Claim Form that has been personalized with the *estimated* gross amount you may be eligible to receive. The actual amounts awarded may increase or decrease from this estimate without further notice to you.

The amount of any settlement checks that are not cashed by members of the Settling Classes shall be distributed *cy pres* as an additional PAGA payment to the Labor and Workforce Development Agency for enforcement of labor laws and education of employers and employees about their rights and responsibilities in accordance with Labor Code §2699(i). To the extent this *cy pres* distribution is not approved, then the amount of any settlement checks that are not cashed shall be distributed to the State of California as unclaimed settlement payments under the name of the Claimant pursuant to the escheat procedures set forth in the California Code of Civil Procedure section 1300, et seq.

### E. When will I receive my Settlement Payment?

The Settlement Payments will be paid after final court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement (the "Effective Date").

### F. What if I do not want to participate in the Settlement?

You and your Related Business Entities will not be affected by the Settlement if you elect not to participate by timely submitting the Request for Exclusion that is provided with this Class Notice. If you submit a Request for Exclusion you will not receive any money from the Settlement.

### G. What if I do not submit a Request for Exclusion but also do not submit a Claim Form?

To receive your share of the Settlement you must submit a valid and timely Claim Form. If you do nothing, you and your Related Business Entities will still be bound by the terms of the Settlement, including the release of claims, even though you will not receive a settlement payment.

**H.** **Who is Administering this Settlement?**

The Court has appointed Gilardi & Co., LLC, P.O. Box 8060, San Rafael, California, 94912-8060, (866) 323-3954, as the Claims Administrator. The Claims Administrator will mail forms, receive forms back, calculate payments, distribute checks, and answer questions about the Settlement.

**I.** **Release of Claims.**

Members of the Settling Classes[2] **hereby release, discharge, and covenant not to sue** Arise Virtual Solutions Inc., AT&T Mobility LLC, Apple Inc., and any Virtual Service Corporations ("VSCs") or Independent Businesses ("IBs") with which members of the Settling Classes were associated or affiliated with or employed by, including its and their predecessors, successors, affiliates, parents, subsidiaries, related companies, property owners, employees, agents, shareholders, officers, directors, attorneys, insurers, and any entity which could be jointly liable with Arise Virtual Solutions Inc., AT&T Mobility LLC, or Apple Inc., or any of them (individually and collectively "the Releasees") **from and with respect to any and all actions, causes of action, suits, liabilities, claims, and demands whatsoever**, as alleged in The Lawsuit, **whether known or unknown**, during the Class Period, which the Settling Classes, or individual members thereof, has, had, or hereafter may claim to have, against the Releasees, or any of them, which are based on, or arise from the same facts as: any claims that were alleged in the Lawsuit or could have been raised in that complaint based upon the facts set forth therein; including without limitation, claims for violation of Labor Code Sections 226, 510, 1194, 1197, 1197.1, 1198 and 2802 et seq., violation of Bus. & Prof. Code §§ 17200 et seq., violation of The Labor Code Private Attorney General Act of 2004, Labor Code §§ 2698 et seq.; or violation of any other California or local or federal laws relating to failure to pay minimum wage, hourly or overtime compensation, failure to provide accurate wage statements, failure to provide or ensure meal and rest breaks, failure to reimburse business expenses and any additional claims for penalties or wages predicated on same (the "Released Claims").

**The parties intend the Settling Classes' release to be general and comprehensive in nature and to release all Released Claims which were or could have been brought by the Lawsuit to the maximum extent permitted at law.**

The Released Claims include specifically, by way of further description, but not by way of limitation, any and all claims arising out of or in any way related to any and all attorneys' fees, attorneys' costs/expenses, fines, penalties, wages, interest, restitution, liquidated damages, punitive damages, declaratory relief, and/or injunctive relief allegedly due and owing by virtue of the allegations set out in the Lawsuit and/or the Released Claims set forth above, whether based on statutory, regulatory, or common law (including but not limited to any such claims based on the California Labor Code, Business and Professions Code, Civil Code, Order of the Industrial Welfare Commission, and/or Code of Civil Procedure, the Fair Labor Standards Act and the Internal Revenue Code).

The members of the Settling Classes acknowledge and/or are deemed to acknowledge that they may hereafter discover claims or facts in addition to or different

---

[2] Members of the Settling Classes include each of them as individuals as well as any Related Business Entities including its and their predecessors, successors, affiliates, parents, subsidiaries, related companies, property owners, employers, employees, agents, shareholders, officers, directors, attorneys, insurers and assigns.

from those which they now know or believe to exist with respect to the subject matter of this Agreement and/or this release, and which, if known or suspected at the time of executing this Agreement, may have materially affected this release. Nevertheless, the members of the Settling Classes hereby waive any right, claim, or cause of action that might arise as a result of such different or additional claims or facts.

All members of the Settling Classes, as well as each Related Business Entity, including any entity for or through which members of the Settling Classes provided customer service and/or technical services to clients of Arise, intend and/or are deemed to intend that this Agreement should be effective as a bar to any and all of the claims discussed above. In furtherance of this intention, all members of the Settling Classes, as well as each Related Business Entity, including any entity for or through which members of the Settling Classes provided customer service and/or technical services to clients of Arise, expressly waive any and all rights or benefits conferred on them by the provisions of Section 1542 of the California Civil Code, which provides as follows: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

All members of the Settling Classes, as well as each Related Business Entity, including any entity for or through which members of the Settling Classes provided customer service and/or technical services to clients of Arise, understand fully the statutory language of Civil Code § 1542, and, with this understanding, assume all risks for claims released hereunder that have already arisen or may in the future arise, whether known or unknown, suspected or unsuspected, and specifically waive all rights they may have under California Civil Code § 1542. The members of the Settling Classes, as well as each Related Business Entity, including any entity for or through which members of the Settling Classes provided customer service and/or technical services to clients of Arise, understand that, if any of the facts relating in any manner to the Lawsuit, or to the release and dismissal of claims as provided in this Agreement, are hereafter found to be other than or different from the facts now believed to be true, they have expressly accepted and assumed that risk and agree that this Agreement and the release of claims contained herein shall nevertheless remain effective.

### J. **What Does that Mean?**

The language above is reproduced nearly verbatim from the Settlement Agreement filed with the Court. Basically, it means that **if you do not submit a Request for Exclusion**, you and your Related Business Entities will release all claims you and/or they may have against Arise, AT&T, Apple, and any Virtual Service Corporation or Independent Business which pertain or relate to the types of claims that were or could have been brought in the Lawsuit, and **you and they will accordingly forfeit the right to bring or participate in any such claim. If you submit a valid and timely Claim Form, then you will receive a Settlement Payment in exchange for this release.**

### K. **Class Representative.**

In addition to their shares as participating members of the Settling Classes, and subject to the Court's approval, Class Counsel will request that: Plaintiff Sandra Perry receive a thirty thousand dollars and no cents ($30,000.00) enhancement for her services as named plaintiff to the *Perry* class; Plaintiff Armakia Mariner-Reed receive a ten thousand dollars and no cents ($10,000.00) enhancement for her services as named plaintiff to the *Perry* class; and Plaintiff Patryce Counts receive a five thousand dollars

Case4:11-cv-01488-YGR Document96-1 Filed01/09/13 Page7 of 10

Exhibit 1 to Order Granting
Preliminary Approval

and no cents ($5,000.00) enhancement for her services as named plaintiff to the *Counts* class. As explained above, this payment will be deducted from the Gross Settlement Value pursuant to the Settlement prior to arriving at the Net Settlement Value. Class Counsel's request for this enhancement has already been filed with the Court, and is available for review here: http://www.bamlawca.com/class-action-notices/, in the *Perry v. Arise* folder.

### L. Attorneys' Fees.

Class Counsel will seek approval from the Court for attorneys' fees in an amount equal to thirty percent (30%) of the Gross Settlement Value. The Class Counsels' reasonable and necessary costs and expenses (including all expenses incurred by Plaintiffs in the prosecution of this action) shall be paid from the Gross Settlement Value in an amount up to, but not more than, forty thousand dollars and no cents ($40,000.00). If approved by the Court, these amounts will be deducted from the Gross Settlement Value pursuant to the Settlement prior to arriving at the Net Settlement Value. Class Counsel believe the amount for costs and attorneys' fees requested is fair and reasonable, and Arise has agreed not to oppose their request for that amount. Class Counsel's request for these fees and costs has already been filed with the Court, and is available for review here: http://www.bamlawca.com/class-action-notices/, in the *Perry v. Arise* folder.

### M. Costs of Administration.

The costs of administering the Settlement, estimated to be twenty thousand dollars and no cents ($20,000.00), also will be deducted from the Gross Settlement Value pursuant to the Settlement prior to arriving at the Net Settlement Value.

### N. Final Approval Hearing.

The Court will hold a final approval hearing at the United States District Court for the Northern District of California Southern Division, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Courtroom 5, on **Tuesday, May 14, 2013** at **2:00 p.m.**, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for costs and attorneys' fees, the special payment made to the Class Representatives, and the fees and costs of the Claims Administrator.

The hearing may be postponed without further notice to the Settling Classes. It is not necessary for you to appear at this hearing.

## II. YOUR OPTIONS AS A MEMBER OF THE SETTLING CLASSES

### A. Claiming Your Share of the Settlement

To receive a share of the Settlement proceeds, you must complete and sign the enclosed Claim Form and mail it via first class mail to the Claims Administrator:

> Gilardi & Co., LLC
> P.O. Box 8060
> San Rafael, California, 94912-8060
> (866) 323-3954

To be valid, the Claim Form must be completed in full and signed by you. The Claim Form must be received by the Claims Administrator with a postmark not later than _____, 2013, which is no later than sixty (60) days after the date on this Notice.

Any member of the Settling Classes who does not mail a Claim Form in the manner and by the deadlines specified above (and also does not file a timely and complete Request for Exclusion) will not receive a share of the Settlement proceeds but they – and their Related Business Entities – will still be bound by the release.

### B. Objecting to the Settlement.

If you are dissatisfied with any of the terms of the Settlement, you may object to the Settlement. Any objection to the Settlement must be in writing and must explain, in clear and concise terms, the basis for your objection. In addition, in order to be considered, your objection must be "served" on – in other words, mailed via first class mail to – all the following:

>Office of the Clerk
>United States District Court for the Northern District of California
>450 Golden Gate Avenue
>San Francisco, CA 94102
>
>Norman B. Blumenthal
>Blumenthal, Nordrehaug & Bhowmik
>2255 Calle Clara
>La Jolla, CA 92037
>
>Chris A. Hollinger
>O'Melveny & Myers LLP
>Two Embarcadero Center
>San Francisco, CA 94111

To be timely, the objection must be postmarked not later than _____, 2013 (no later than forty-five (45) days after the date on this Notice). Your objection must include your full name, address, and dates and place of your provision of customer service or technical support services on applications for **[AT&T / Apple]** accounts pursuant to Statements of Work with Arise and must reference this case, <u>Perry, et al. v. Arise Virtual Solutions Inc.</u>, Case Number C 11-01488 YGR. In addition, your written comments must indicate whether you intend to appear at the Final Approval Hearing scheduled for **Tuesday, May 14, 2013 at 2:00 p.m.**

**PLEASE DO NOT TELEPHONE THE COURT, DEFENDANT'S COUNSEL, OR ARISE. SPECIFICALLY, DO NOT CONTACT ARISE MANAGEMENT. QUESTIONS SHOULD BE DIRECTED TO THE CLAIMS ADMINISTRATOR.**

Any member of the Settling Classes who does not object to the Settlement in the manner described above will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. If the Court rejects your objection, you will still be bound by the terms of the

Settlement with respect to covered claims.

### C. **Excluding Yourself from the Settlement.**

If you do not wish to participate in the Settlement, you must file a Request for Exclusion. To be valid, the Request for Exclusion must be signed by you and returned via first class mail to:

> Gilardi & Co., LLC
> P.O. Box 8060
> San Rafael, California, 94912-8060
> (866) 323-3954

The Request for Exclusion must be received by the Claims Administrator with a postmark not later than _____, 2013 (no later than forty-five (45) days after the date on this Notice).

Any person who files a complete and timely Request for Exclusion will, upon receipt, no longer be a member of the Settling Classes, will be barred from participating in any portion of the Settlement, and will receive no benefits from the Settlement. Any such person, at his or her own expense, may pursue any claims he or she may have against Arise. Do not submit both a Request for Exclusion and a Claim Form, because if you do, only the Claim Form will be accepted.

### III. **DETAILED BACKGROUND OF THE CASE**

Plaintiff Sandra Perry ("Perry") filed a complaint against Arise & AT&T in the United States District Court for the Northern District of California on March 28, 2011 generally alleging that all individuals who provided customer service and technical support services on applications for AT&T accounts, while located in California, pursuant to Statements of Work with Arise, were misclassified as independent contractors (the "*Perry* Case"). On May 12, 2011, Perry filed a First Amended Complaint. On October 25, 2011, the parties participated in an early mediation session, with a court-provided Early Neutral Evaluator. The case did not settle. On April 9, 2012, a Second Amended Complaint was filed adding Armakia Mariner-Reed ("Mariner-Reed") as a Named Plaintiff. The Second Amended Complaint requested that the Settling Class be certified as a class, and sought unpaid wages, statutory and/or civil penalties, liquidated damages, compensatory damages, injunctive relief, premium pay/wages, restitution, declaratory relief, disgorgement, attorneys' fees and costs, interest, and such other relief as the Court may award.

A mediation was held in *Perry* on May 3, 2012, before David A. Rotman. In addition to the formal document production, deposition and written discovery that had already occurred in *Perry*, Arise provided information at the mediation regarding the AT&T application "log in" hours associated with Perry, Mariner-Reed and the putative class members, including spreadsheets with detailed, anonymized, AT&T application "log in" hours and compensation data associated with the putative class members. Previously, the plaintiffs' counsel in *Perry* had filed another putative class action case in California Superior Court, Santa Clara County (the "*Hilton* Case"). The named plaintiffs in the *Hilton* Case – Jason Hilton ("Hilton") and Patryce Counts ("Counts") – alleged similar claims as in the *Perry* Case, but on behalf of individuals based in California who provide, and did provide, customer service and technical support services on Apple applications pursuant to Statements of Work with Arise. Accordingly, in furtherance of

the mediation in the *Perry* Case, Arise also provided to Plaintiffs' counsel information regarding Apple application "log in" hours associated with the putative class in the *Hilton* Case. This information included spreadsheets with detailed, anonymized, Apple application "log in" hours and compensation data associated with the putative class members in the *Hilton* Case.

On July 10, 2012, a Third Amended Complaint was filed in the *Perry* Case, based on the Stipulation of the parties, and pursuant to the parties' settlement agreement. The Third Amended Complaint added putative class claims against Arise brought by named plaintiff Counts on behalf of all individuals based in California who provide, and did provide, customer service and technical support services on Apple applications pursuant to Statements of Work with Arise, as well as an individual claim by Hilton. The Third Amended Complaint generally alleges that all individuals who provided customer service and technical support services on applications for AT&T and/or Apple accounts, while located in California, were misclassified as independent contractors, and, on that basis, Plaintiffs articulated claims for: failure to pay minimum wage and overtime compensation in accordance with California law, in violation of California Labor Code §§ 510, 1194, 1197, 1197.1 and 1198 et seq.; failure to provide meal periods in conformance with California law; failure to provide rest breaks in accordance with California law; failure to provide properly itemized wage statements in accordance with California Labor Code § 226; failure to reimburse employees for required business expenses in violation of California Labor Code § 2802; engaging in unfair business practices in violation of California Business & Professions Code § 17200 et seq.; and violation of The California Labor Code Private Attorney General Act of 2004, California Labor Code §§ 2698 et seq. ("PAGA"). Arise believes that the Lawsuit's claims and allegations are meritless, and contends that Plaintiffs and putative class members were properly classified as independent contractors. Arise agreed to pay Hilton five thousand dollars and no cents ($5,000.00) to settle his individual claims.

Plaintiffs and Arise, and their counsel, have concluded that the Settlement is advantageous, considering the cost to each side of continued litigation. Class Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Settling Classes.

## IV.   **GETTING MORE INFORMATION**

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the detailed Joint Stipulation of Class Action Settlement and Release between Plaintiffs and Arise, which will be on file with the Court and available through the Claims Administrator. The pleadings and other records in this litigation may be examined at any time during regular business hours in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or you may contact the Claims Administrator.

**PLEASE DO NOT TELEPHONE THE COURT, DEFENDANT'S COUNSEL, OR ARISE FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS. SPECIFICALLY, DO NOT CONTACT ARISE MANAGEMENT. QUESTIONS SHOULD BE DIRECTED TO THE CLAIMS ADMINISTRATOR.**