IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA PERRY, ARMAKIA MARINER-REED and PATRYCE COUNTS, individuals, on behalf of themselves, and on behalf of all persons similarly situated; and JASON HILTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ARISE VIRTUAL SOLUTIONS INC., a Delaware Corporation,<br><br>Defendant. | Case No. C 11-01488 YGR<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT (AS MODIFIED BY THE COURT)**<br><br>Hearing Date: May 14, 2013<br>Time: 2:00 p.m.<br>Courtroom: 5, Second Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

This matter having come before the Court on May 14, 2013 for Final Approval Hearing on the parties' Joint Stipulation of Class Action Settlement and Release (the "Settlement Agreement" or the "Settlement") between Plaintiffs Sandra Perry, Armakia Mariner-Reed, and Patryce Counts, as individuals and on behalf of all persons similarly situated, and Plaintiff Jason Hilton, as an individual, (collectively, "Plaintiffs") and Defendant Arise Virtual Solutions Inc. ("Arise"), due and adequate notice having been given to putative members of the Settling Classes as required by the Court's Order Granting Preliminary Approval of Class Action Settlement (as Modified by the Court) dated January 9, 2013 ("Preliminary Approval Order") [Doc. No. 96], and the Court having considered all the papers filed and proceedings herein, having received no

1

objections to the Settlement, having determined that the proposed Settlement is fair, adequate and reasonable, and otherwise being fully informed, good cause appearing therefore, it is hereby **ORDERED AS FOLLOWS:**

1. All terms used herein and not otherwise defined shall have the same meaning as given in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this proceeding and over all parties to this proceeding, including all Class Members.

3. The Court hereby certifies the following Settling Classes for purposes of this settlement only:

   a) All individuals who provided customer service or technical support services on applications for AT&T Mobility LLC accounts, while located in the State of California, pursuant to Statements of Work with Arise Virtual Solutions Inc. during the period March 28, 2007 through to August 31, 2012; and,

   b) All individuals who provided customer service or technical support services on applications for Apple Inc. accounts, while located in the State of California, pursuant to Statements of Work with Arise Virtual Solutions Inc. during the period December 8, 2007 through to August 31, 2012.

4. Distribution of the notices of settlement ("Class Notices") and claim forms to the putative members of the Settling Classes as set forth in the Settlement Agreement and confirmed in the Claims Administrator's declaration, has been completed in conformity with the Preliminary Approval Order – including individual notice to all Class Members who could be identified through reasonable effort – and constitutes the best notice practicable under the circumstances.  The Court hereby finds that the Notices provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the material terms of the Settlement.  The Court also finds that the Notices provided adequate and appropriate notice to all persons entitled

to such notice, and therefore fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and within this Final Approval Order.

5. Arise has filed documentation which demonstrates compliance with the notice requirements of 29 U.S.C. § 1715(b). (Notice of Compliance with 28 U.S.C. §§ 1715 & 1332(d) [Doc. No. 97], dated Jan. 31, 2013; Certificate of Service [Doc. No. 98], dated Feb. 1, 2013.) Although the mailing occurred more than ten (10) days after the proposed settlement was first filed with this Court, the mailing was completed more than ninety (90) days prior to the Final Approval Hearing and was therefore compliant with the requirements of the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1715(e)(2); *Adoma v. University of Phoenix*, --- F. Supp. 2d ----, 2012 WL 6651141, at *5 (E.D. Cal. Dec. 20, 2012); *In re Processed Egg Prods. Antitrust Litig.*, 284 F.R.D. 249, 258 n.12 (E.D. Pa. 2012). This Court also notes that there have been no challenges to the mailing filed by Class Members or any state or federal officials. Lastly, this order is being issued at least ninety (90) days after the service of said notice, consistent with 29 U.S.C. § 1715(d). Accordingly, to the extent that CAFA applies in this matter, all requirements imposed by the act have been satisfied.

6. The Court hereby finds the Settlement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23.

7. Upon review of the record, particularly the declaration of the Claims Administrator [Dkt. No. 101] and Class Counsel's Motion for Final Approval [Dkt. No. 100], the Court hereby finds that the Settlement is, in all respects, fair, adequate and reasonable, and therefore **APPROVES** the Settlement. The Court has come to this determination pursuant to the factors outlined in cases such as *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), including but not limited to consideration of: the state of the law governing the issues in this case and the plaintiffs' likelihood of success;

the amount of the settlement; the sophistication of, and level of information available to, Class Counsel; the level of participation among Class Members; and the lack of objectors, among other factors. The Court notes that no Class Member has filed an objection with the Claims Administrator, although five Class Members timely opted out of the Settlement. [Dkt. No. 101 ¶¶ 13–14.]

8. The Court directs the parties to effectuate the settlement terms as set forth in the Settlement. The Court also directs the Claims Administrator to calculate and pay the claims of all 158 Class Members who filed claims, as identified in the declaration of the Claims Administrator, Bernella Osterlund [Dkt. No. 101], at paragraphs 9–10 and 12. The 158 claims to be paid under this Order consists of 155 Class Members who filed timely claims in accordance with the terms set forth in the Settlement, plus 3 untimely claims that Arise has agreed to accept pursuant to Arise's counsel's statements at the May 14, 2013 hearing.

9. Any other Class Member (outside of the three Class Members identified in paragraphs 9–10 and 12 of the Osterlund declaration) who has filed or will file an untimely Claim Form – and who did not timely opt out – will not receive a Class Member Payment but will be bound by the Settlement, pursuant to Paragraph 14 of this Order.

10. The Court hereby confirms Norman Blumenthal and Kyle Nordrehaug, of Blumenthal, Nordrehaug & Bhowmik LLP, as Class Counsel.

11. Pursuant to the terms of the Settlement Agreement, and the authorities, evidence, and argument set forth in Class Counsels' application [Dkt. No. 99], an award of attorneys' fees in the aggregate amount of three hundred seventy-three thousand and five hundred dollars and no cents ($373,500.00) – equivalent to 30% of the total Gross Settlement Value – and for costs and litigation expenses in the aggregate amount of forty thousand dollars and no cents ($40,000.00) as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby **GRANTED**. A payment to the Claims Administrator in the aggregate amount of twenty thousand dollars and no cents ($20,000.00) is similarly **GRANTED**. These

payments to Class Counsel and the Claims Administrator shall only be made in accordance with the terms set forth in the Settlement Agreement.

12. The Court also hereby **APPROVES** named Plaintiffs Sandra Perry, Armakia Mariner-Reed, and Patryce Counts as Class Representatives. The Court **GRANTS** payment to Ms. Perry of an Enhancement Award in the aggregate amount of thirty thousand dollars and no cents ($30,000.00) for her service as Class Representative, having reviewed her declaration in support of the Motion for Final Approval of Class Settlement [Dkt. No. 102].

The Court also **GRANTS** payment to: Ms. Mariner-Reed of an Enhancement Award in the aggregate amount of ten thousand dollars and no cents ($10,000.00) for her service as Class Representative; and Ms. Counts of an Enhancement Award in the aggregate amount of five thousand dollars and no cents ($5,000.00) for her service as Class Representative. The Court notes that while declarations have not been provided by Ms. Mariner-Reed or Ms. Counts, courts in the Northern District of California have held that a $5,000 enhancement award is presumptively reasonable. *Villegas v. J.P. Morgan Chase & Co.*, No. 09-CV-00261 SBA, 2012 WL 5878390, at *7 (N.D. Cal. Nov. 21, 2012). The Court also notes that Ms. Mariner-Reed was deposed in this action and she propounded and responded to written discovery. [Dkt. No. 100 at 3–4.] The Enhancement Awards shall only be paid in accordance with the terms set forth in the Settlement.

13. The Court hereby finds that Class Counsel complied with the notice requirements of California Labor Code § 2699.3(a)(1), did not receive any response from the Labor and Workforce Development Agency ("LWDA") with regards to the claims of Plaintiff Perry and was given written notice that the LWDA did not intend to investigate the claims of Plaintiff Counts, and was thereby authorized to pursue claims under the Labor Code Private Attorneys General Act of 2004. Accordingly, the Court also hereby **APPROVES** the settlement of the California Labor Code § 2699 claims alleged in the Lawsuit and the allocation of ten thousand dollars and no cents ($10,000.00) to settle

1  these claims, pursuant to California Labor Code § 2699(l). Of that amount, and in
2  accordance with California Labor Code § 2699(i), 75%, or seven thousand five hundred
3  dollars and no cents ($7,500.00) shall be paid to the State of California LWDA in
4  accordance with the terms set forth in the Settlement. The remaining 25%, or two
5  thousand five hundred dollars and no cents ($2,500.00) shall be distributed to all Class
6  Members who filed a timely claim in accordance with the terms set forth in the
7  Settlement. These payments shall only be made in accordance with the terms set forth in
8  the Settlement.

9     14. As of the Effective Date as defined in the Settlement, each and every claim
10 of each Class Member – regardless of whether or not they submitted a Claim Form – is
11 and shall be deemed to be conclusively released as against the Releasees (as defined in the
12 Settlement Agreement) for the entirety of the Class Period. Except as such rights or
13 claims that may be created by the settlement, as of the Effective Date, all Class Members
14 are hereby forever barred and enjoined from prosecuting any of the Released Claims
15 against any of the Releasees.

16     15. Neither the Settlement nor any of the terms set forth in the Settlement
17 constitute an admission by Arise, or any of the other Releasees, that Class Members
18 should be classified as employees or of any liability whatsoever to the Plaintiffs or any
19 Class Member or putative member of the Settling Class, nor does this Final Approval
20 Order constitute a finding by the Court of the validity of any of the claims alleged by
21 Plaintiffs in the Lawsuit, or of any liability of Arise or any of the other Releasees. This
22 Order, the Settlement, any action taken to carry out the Settlement, any document
23 referenced to herein or filed in connection herewith, and the exhibits thereto, and any
24 negotiations or proceedings related thereto: (i) shall not be construed as, or deemed to be
25 evidence of, or an admission or concession with regard to the denials or defenses by
26 Arise; and (ii) shall not be offered in evidence in any action or proceeding against the
27 Parties in any court, administrative agency, or other tribunal for any purpose whatsoever.
28 Nothing in this paragraph, however, shall be deemed to preclude the parties from

introducing this Order, the Settlement and/or exhibits, and any other papers and records on file in the Lawsuit, to enforce the Settlement and/or any orders of this Court, and/or in any other litigation as evidence of the Settlement by Arise to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

16. If the Settlement does not become final and effective in accordance with its terms, this Final Approval Order and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

17. Without affecting the finality of the Settlement or the dismissal of this action, this Court shall retain exclusive and continuing jurisdiction over the present action and the Settling Parties, including all Class Members, for purposes of enforcing and interpreting the Settlement, this Final Approval Order, and the claims process established therein, for up to one year after the date of this Order.

18. The Court hereby enters judgment in this action pursuant to the terms of the Settlement Stipulation and **DISMISSES** the above-captioned action **WITH PREJUDICE**.

This Order terminates Dkt. Nos. 99 & 100.

**IT IS SO ORDERED.**

DATED: May 15, 2013

_____
HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT